# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2017

Lyle W. Cayce
Clerk

DONALD YOUNG; DORIS YOUNG,

Plaintiffs-Appellants

v.

ROBBYE WALDRON; WALDRON & SCHNEIDER, L.L.P.; GEORGE ADAMS & COMPANY INSURANCE AGENCY, L.L.C.; AIG; ARGO SURETY; CNA; THE HARTFORD; LIBERTY MUTUAL INSURANCE; SAFECO INSURANCE COMPANY; ARCH INSURANCE GROUP; CHUBB; HANOVER INSURANCE GROUP; HCC; THE MAIN STREET AMERICA GROUP; TRAVELERS; UNKNOWN INSURANCE BONDING COMPANY,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:15-CV-156

Before SMITH, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donald and Doris Young filed a pro se civil complaint against multiple defendants, alleging claims for conspiracy to commit fraud, fraud, and breach of fiduciary duty in connection with the 2011 sale of their homestead during

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41117

bankruptcy proceedings.  The district court dismissed the complaint with prejudice without citing any basis for dismissal.  The district court also denied the Youngs' Federal Rule of Civil Procedure 59 motion to alter or amend judgment and their motion to proceed in forma pauperis (IFP) on appeal.

The Youngs now seek leave from this court to proceed IFP on appeal. The appeal has been fully briefed to this court, so we have the Appellees position on the merits of the appeal.  The Youngs' IFP motion is construed as a challenge to the district court's denial of leave to proceed IFP on appeal.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  The district court may deny a motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification.  *See id.*; FED. R. APP. P. 24(a)(2).  To comply with the written-reasons requirement, it suffices that the district court incorporate by reference its decision dismissing the complaint on the merits.  *See Baugh*, 117 F.3d at 202 n.21.  In this case, the district court's denial of the IFP motion did not provide any written reasons or reference the judgment of dismissal.  The financial affidavit provided by the Youngs in support of their IFP motion in the district court indicates that they are indigent.

In the interests of judicial economy and prudence, we may meld the decisions regarding an IFP motion and the underlying appeal when appropriate.  *See Baugh*, 117 F.3d at 202.  In this case, the district court's judgment of dismissal with prejudice does not provide this court with sufficient information to permit reasoned consideration of any of the stated or inferred bases for that dismissal.

Accordingly, the Youngs' motion to proceed IFP on appeal is GRANTED, the district court's judgment of dismissal is VACATED, and the case is REMANDED to the district court to provide a reasoned opinion regarding its

dismissal of the case and denial of IFP or, alternatively, to reconsider its decision. In doing so, we do not express any opinion as to the underlying merits of the Youngs' claims.